| | |
|---|---|
| 1 | MICHELE BECKWITH<br>Acting United States Attorney |
| 2 | CHRISTINA McCALL<br>Assistant United States Attorney |
| 3 | 501 I Street, Suite 10-100<br>Sacramento, CA 95814 |
| 4 | Telephone: (916) 554-2700<br>Facsimile: (916) 554-2900 |

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　　Plaintiff,<br><br>　　　　v.<br><br>OLDAIM LOPES,<br>a/k/a Oldaim Rosa Lopes,<br><br>　　　　　　　　　Defendant. | CASE NO.  2:18-CR-00166 DC<br><br>Government's Motion to Dismiss Indictment and Order |

　　　　Pursuant to Rule 48(a) of the Federal Rules of Criminal Procedure, the United States Attorney for the Eastern District of California hereby moves to dismiss the Indictment without prejudice against the defendant, Oldaim Lopes.

　　　　Federal Rule of Criminal Procedure 48(a) provides that the "government may, with leave of court, dismiss an indictment, information, or complaint." Fed. R. Crim. P. 48(a). The "principal object of the 'leave of court' requirement is apparently to protect a defendant against prosecutorial harassment, e.g., charging, dismissing, and recharging when the Government moves to dismiss an indictment over the defendant's objection." *Rinaldi v. United States*, 434 U.S. 22, 29 n. 15 (1977). In other words, the danger to be guarded against is the risk that prosecutors "enter a nolle prosequi before jeopardy attaches and then proceed to reindict the defendant on basically the same charges and evidence." *United States v. Palomares*, 119 F.3d 556, 558 (7th Cir. 1997).

Because this risk is typically low, a "court is generally required to grant a prosecutor's Rule 48(a) motion to dismiss unless dismissal is clearly contrary to manifest public interest." *United States v. Carrigan*, 778 F.2d 1454, 1463 (10th Cir. 1985). A "court must grant the government's Rule 48(a) motion unless the court concludes that to grant it would be clearly contrary to manifest public interest, determined by whether the prosecutor's motion to dismiss was made in bad faith." *United States v. Goodson*, 204 F.3d 508, 512 (4th Cir. 2000).

Here, defendant Oldaim Lopes is a citizen of Canada who has not been extradited to face the charges in this Indictment. He is the sole remaining defendant in this case and prosecution is no longer feasible. Counsel for the government has conferred with the federal agents for this case, and the agents support this motion to dismiss. Accordingly, the government asks this Court to grant the motion to dismiss the Indictment against Oldaim Lopes.

Dated:  April 1, 2025

MICHELE BECKWITH
Acting United States Attorney

By:  /s/ CHRISTINA McCALL
CHRISTINA McCALL
Assistant United States Attorney

**ORDER**

The motion to dismiss filed by the Government at document no. 157 is GRANTED. Accordingly, the Indictment against Defendant Oldaim Lopes is DISMISSED.

IT IS SO ORDERED.

Dated: __**April 1, 2025**__                                  _____
                                                                                     Dena Coggins
                                                                                     United States District Judge